# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | | |
|---|---|---|---|
| MATTHEW D. JONES, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | No.: | 2:20-CV-203-DCLC-CRW |
| ESCO JARNIGAN, TERESA LAWS, | ) | | |
| CITIZEN TRIBUNE NEWSPAPER, and | ) | | |
| HAMBLEN COUNTY SHERIFFS DEPT., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983

[Doc. 2], and his motion for leave to proceed *in forma pauperis* in this action [Doc. 1].

## I.     MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the certified record of Plaintiff's inmate account that he lacks sufficient

financial resources to pay the filing fee.  Accordingly, pursuant to 28 U.S.C. § 1915, his motion to

proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Hamblen County Jail, he will be **ASSESSED** the civil

filing fee of $350.00.  The custodian of Plaintiff's inmate trust account will be **DIRECTED** to

submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, Tennessee 37743

twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's

trust account for the preceding month), but only when such monthly income exceeds ten dollars

($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28

U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to

mail a copy of this memorandum and order to the custodian of inmate accounts at the institution

where Plaintiff is now confined.  The Clerk will be **DIRECTED** to furnish a copy of this order to the Court's financial deputy.  This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING

### A.      PLAINTIFF'S ALLEGATIONS

On October 7, 2019, while housed at the Hamblen County Jail, Plaintiff was handcuffed and taken into a room "off camera," where five officers were present [Doc. 2 p. 3-4].  Officer William Bates began punching Plaintiff in the face and head — breaking Plaintiff's nose in the process [*Id*.].  Plaintiff requested that criminal charges be filed against the offending officer[s], but he was told "that this went 'above the[] heads'" of the officers to whom he reported the incident [*Id*.].

Plaintiff also represents that he was criminally charged with trying to spread HIV, a virus that he denies ever contracting [*Id*.].  He maintains that the *Citizen Tribune* Newspaper released an article stating that Plaintiff is HIV positive, which Plaintiff contends is a defamation of his character [*Id*.].   Plaintiff seeks monetary relief from the Hamblen County Sheriff's Department and the *Citizen Tribune* Newspaper "for pain and suffering and defamation of character" [*Id*. at 5].

### B.      SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule

12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

#### 1. Hamblen County Sheriff's Department

Although Plaintiff asserts § 1983 liability against the Hamblen County Sheriff's Department, a sheriff's department is not a person subject to suit under § 1983. *See, e.g.*, *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Moreover, Plaintiff has not alleged that any policies and/or customs of the Hamblen County Sheriff's Department caused any of the constitutional violations

3

alleged, and therefore, he has not stated a claim against Hamblen County.  *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").  Accordingly, the Hamblen County Sheriff's Department will be **DISMISSED** from this action.

### 2.     Esco Jarnigan and Teresa Laws

Plaintiff's complaint contains no allegations of wrongdoing by Defendants Teresa Laws or Esco Jarnigan, and therefore, Plaintiff has not stated a claim against either of these Defendants. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).  Moreover, Plaintiff cannot seek to impose liability on either of these Defendants based merely on their positions of authority within the Hamblen County Jail, as a court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Additionally, to the extent Plaintiff seeks to impose liability against either of these Defendants based on their alleged unwillingness to pursue criminal charges against Officer Bates, the Court notes that private citizens have no protected interest in another individual's prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Woods v. Miamisburg City Schs.*, 254 F. Supp. 2d 868, 873-74 (S.D. Ohio 2003) ("[T]he law is clear that a private citizen has no Constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.").  Therefore, Defendants Jarnigan and/or Laws did not violate any constitutional right of Plaintiff in failing to force a prosecution of the allegedly assaulting officer, and these Defendants will be **DISMISSED**.

4

### 3. *Citizen Tribune* Newspaper

Next, the Court finds that Plaintiff has failed to state a cognizable claim against the *Citizen Tribune*, as absent extenuating circumstances, private parties are not "state actors" subject to liability under § 1983. *See, e.g., Davis v. Janczewski*, 22 F. App'x 533, 534 (6th Cir. 2001) ("[D]efendant Janczewski cannot be said to have been acting under color of state law in reporting for a local newspaper."); *see also Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct."). Plaintiff has not demonstrated the presence of any circumstances in this case that would transform the newspaper into a state actor, and therefore, this Defendant will be **DISMISSED**.

### 4. Officer Bates

Plaintiff has not stated a viable constitutional claim against any of the Defendants named in this action. However, affording the instant complaint liberal construction, the Court finds that Plaintiff's allegations have stated a plausible excessive force claim against the officer(s) who allegedly assaulted him on October 7, 2019. Therefore, the Clerk will be **DIRECTED** to add William Bates as a Defendant in this action, and the Court will allow an excessive force claim to proceed against this Defendant.

## III. CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Clerk is **DIRECTED** to add William Bates as a Defendant in this action;

6. Plaintiff's claim that Defendant William Bates subjected him to excessive force shall **PROCEED**;

7. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant William Bates;

8. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Memorandum and Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

9. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

10. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

11. Defendants Esco Jarnigan, Teresa Laws, *Citizen Tribune* Newspaper, and Hamblen County Sheriff's Department are **DISMISSED**; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendant of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge

6