UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MATTHEW D. JONES, | ) | | |
|---|---|---|---|
| Plaintiff, | ) | | |
| v. | ) | No.: | 2:20-CV-203-DCLC-CRW |
| WILLIAM BATES, | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss this action for Plaintiff's failure to cooperate in discovery and prosecute his case [Doc. 19]. Plaintiff has failed to respond to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1.

### I. PROCEDURAL HISTORY

On April 8, 2021, Defendant sent Plaintiff his "First Set of Interrogatories and Requests for Production of Documents Propounded to Plaintiff" via U.S. Mail [Doc. 17-1 p. 2-13]. After Plaintiff failed to timely answer or object to the requests, Defendant moved to compel Plaintiff's discovery responses, but the motion was denied without prejudice due to Defendant's failure to demonstrate that he had made a good-faith effort to resolve the issue without Court intervention [*See* Docs. 15 and 16]. Defendant subsequently mailed Plaintiff a letter dated August 30, 2021, inquiring about Plaintiff's responses and advising him that a motion to compel would be filed unless Plaintiff communicated with Defendant on or before September 9, 2021 [Doc. 17-1 p. 1]. Plaintiff failed to respond to Defendant, who filed a renewed motion to compel on October 19, 2021 [Doc. 17]. On October 19, 2021, the Court granted Defendant's motion and required Plaintiff

to respond to the propounded discovery within twenty-one (21) days of entry of the Order [Doc. 18]. The Order cautioned Plaintiff that failure to comply would result in the dismissal of this action upon Defendant's motion [*Id*. at 2]. Thereafter, Plaintiff failed to respond to Defendant or this Court, and Defendant filed the instant motion on November 10, 2021 [Doc. 19].

## II. DISCUSSION

Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure each provide that dismissal is an appropriate sanction for failure to comply with a Court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b). Under either provision, the Court considers four factors when considering dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Hartsfield v. United Parcel Serv., Inc*., No. 4:18-cv-69, 2020 WL 1539337, at *2 (E.D. Tenn. Mar. 2, 2020) (quoting *Mager v. Wisconsin Central Ltd*., 924 F.3d 831, 837 (6th Cir. 2019)).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous Order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff refused to cooperate in discovery, resulting in this Court issuing an Order requiring Plaintiff to do so [*See* Doc. 18]. Thereafter, Plaintiff failed to comply with the Court's Order. As such, this first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's Order has prejudiced Defendant, who despite spending significant time and resources attempting to conduct discovery, has nonetheless been unable to properly prepare for trial due to Plaintiff's lack of cooperation. Therefore, this factor weighs in favor of dismissal.

2

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's Order [Doc. 18]. Thus, this factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 4], and he has disregarded the Court's warnings that he must comply with the ordered discovery [Doc. 18]. Accordingly, alternative sanctions would be futile, and this factor also weighs in favor of dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action. Therefore, Defendants' motion [Doc. 19] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge